UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P69-TBR

MONYAL D. SMITH                                                                                        PLAINTIFF

v.

FULTON COUNTY DETENTION CENTER *et al.*                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Monyal D. Smith filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, the Court will dismiss Plaintiff's claim against Defendant Fulton County Detention Center (FCDC). The Court will also direct Plaintiff to clarify the allegations against two other Defendants.

**I.**

Plaintiff, identifying himself as a pretrial detainee, sues the FCDC, as well as Acting Jailer Carrie Powell, Chief Deputy Jeff Johnson, and Corrections Officers Brittany Walsh and William Jackson in his or her individual capacity. Plaintiff states that when he was booked into the FCDC on November 4, 2016, he was assigned to "POD 121," a cell pod for county inmates. However, shortly after entering the cell pod, state inmate Davenport threatened him with a sharp utensil and told him to leave the cell pod. Plaintiff asserts that he informed non-Defendant corrections officer Jamie Alexander, who moved Plaintiff to another cell pod and "put a []keep away[] on [Plaintiff] & Davenport like a []conflict[.]" Plaintiff states that eleven days later he was transferred to another county facility and then subsequently released.

However, Plaintiff reports that on February 8, 2017, he re-entered FCDC and was assigned to POD 121, the same cell pod where he was threatened by Davenport. He states that ten minutes after he entered the cell pod, inmate Davenport again made verbal threats to him and the two began fighting. He states that the cameras in the cell pod were not working. According to the complaint, after twenty minutes of fighting, both inmates retreated. However, Davenport then reached under his bunk and "came towards [Plaintiff] with a sharp utensil the same homemade knife" he had used to threaten Plaintiff previously. Plaintiff maintains that Davenport chased him around the cell pod with the knife and ultimately cut him in his chest, left arm, and head.

Plaintiff states, "[T]he officer William Johnson (CO) came in, ordered Davenport to get off me . . . & it took a while so Davenport finally did & ordered me . . . to exit out of POD 121 & from there CO William Johnson called Brittany Walsh" and they told two non-Defendant corrections officers to take Plaintiff to medical. Plaintiff asserts that he later learned that Davenport was allowed to return to the cell pod on February 10, 2017, but that Plaintiff was held in medical isolation until February 14, 2017. Plaintiff was later put in another cell pod, "POD 105." Plaintiff further states as follows:

> [F]rom there F.C.D.C. . . . . acted as if it never happened. They unproffessionally put me in a county POD 121 filled with state inmates. Then after CO Jamie Alexander [] who longer works here, had put a [] keep away [] on [Plaintiff] and Davenport till my life was in danger & no cameras & a conflict which wasn't honored so there for im filling this statement of claims against the Jail Association & the staff I've included.

As relief, Plaintiff seeks compensatory damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

3

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. FCDC**

While Plaintiff names FCDC as a Defendant to this lawsuit, FCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Fulton County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Fulton County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

The Court will therefore construe the claim against FCDC as a claim against Fulton County. When a § 1983 claim is made against a municipality, this Court must analyze two

distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Defendants failed to protect him from another inmate resulting in injury. However, he has not alleged that any Defendant acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the alleged failure to protect Plaintiff occurred as a result of a policy or custom implemented or endorsed by Fulton County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claim against FCDC must be dismissed for failure to state a claim upon which relief may be granted.

**B. Clarification of allegations**

Plaintiff lists Jeff Johnson and William Jackson as Defendants. However, in his statement of the claim, Plaintiff refers to "William Johnson" and makes no reference to Jeff Johnson or William Jackson. Based on Plaintiff's assertion that a non-Defendant officer "had put a [] keep away [] on [Plaintiff] and Davenport till my life was in danger & no cameras & a conflict which wasn't honored so there for im filling this statement of claims against the Jail Association & the staff I've included[,]" the Court construes the complaint as alleging failure-to-protect claims against all of the individually named Defendants. However, before allowing the case to proceed, Plaintiff must clarify to whom he is referring when he identifies "William Johnson" in the statement of the claim. The Court presumes that he is referring to either Jeff Johnson or William Jackson and not to a third individual, but Plaintiff must resolve this confusion before this case may proceed.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against FCDC is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint clarifying to whom he is referring to when he identifies "William Johnson" in the statement of the claim**.

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action against Defendants Jeff Johnson or William Jackson**.

Date:


cc: Plaintiff, *pro se*
 Defendant
 Fulton County Attorney
4413.010