UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P69-TBR

MONYAL D. SMITH                                                      PLAINTIFF

v.

FULTON COUNTY DETENTION CENTER *et al.*                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Monyal D. Smith filed the instant *pro se* complaint under 42 U.S.C. § 1983 alleging that he was attacked by another inmate while he was a pretrial detainee at Fulton County Detention Center (FCDC). The Court conducted an initial review of the action pursuant to 28 U.S.C. § 1915A, dismissed Plaintiff's claim against the FCDC, and ordered Plaintiff to clarify the allegations against two parties. In compliance, Plaintiff filed an amended complaint (DN 11). This matter is now before the Court on initial review of the complaint and amended complaint.

### I.

In the original complaint, Plaintiff sued the FCDC, as well as Acting Jailer Carrie Powell, Chief Deputy Jeff Johnson, and Corrections Officers Brittany Walsh and William Jackson in their individual capacities. Plaintiff stated that when he was booked into the FCDC on November 4, 2016, he was assigned to "POD 121," a cell pod for county inmates. However, shortly after entering the cell pod, state inmate Davenport threatened him with a sharp utensil and told him to leave the cell pod. Plaintiff asserted that he informed non-Defendant corrections officer Jamie Alexander, who moved Plaintiff to another cell pod and "put a []keep away[] on

[Plaintiff] & Davenport like a []conflict[.]" Plaintiff stated that eleven days later he was transferred to another county facility and then subsequently released.

However, Plaintiff reported that on February 8, 2017, he re-entered FCDC and was assigned to POD 121, the same cell pod where he was threatened by Davenport. He stated that ten minutes after he entered the cell pod, inmate Davenport again made verbal threats to him and the two began fighting. He stated that the cameras in the cell pod were not working. According to the complaint, after twenty minutes of fighting, both inmates retreated. However, Davenport then reached under his bunk and "came towards [Plaintiff] with a sharp utensil the same homemade knife" he had used to threaten Plaintiff previously. Plaintiff maintained that Davenport chased him around the cell pod with the knife and ultimately cut him in his chest, left arm, and head.

Plaintiff stated, "[T]he officer William Johnson (CO) came in, ordered Davenport to get off me . . . & it took a while so Davenport finally did & ordered me . . . to exit out of POD 121 & from there CO William Johnson called Brittany Walsh," and they told two non-Defendant corrections officers to take Plaintiff to medical. Plaintiff asserted that he later learned that Davenport was allowed to return to the cell pod on February 10, 2017, but that Plaintiff was held in medical isolation until February 14, 2017. Plaintiff was later put in another cell pod, "POD 105." Plaintiff further stated as follows:

> [F]rom there F.C.D.C. . . . . acted as if it never happened. They unproffessionally put me in a county POD 121 filled with state inmates. Then after CO Jamie Alexander [] who longer works here, had put a [] keep away [] on [Plaintiff] and Davenport till my life was in danger & no cameras & a conflict which wasn't honored so there for im filling this statement of claims against the Jail Association & the staff I've included.

As relief, Plaintiff sought compensatory damages.

2

Based on Plaintiff's assertion that a non-Defendant officer "had put a [] keep away [] on [Plaintiff] and Davenport till my life was in danger & no cameras & a conflict which wasn't honored so there for im filling this statement of claims against the Jail Association & the staff I've included[,]" the Court construed the complaint as alleging failure-to-protect claims against all of the individually named Defendants. However, the Court observed that Plaintiff listed Jeff Johnson and William Jackson as Defendants in the complaint caption, but, in his statement of the claim, Plaintiff referred to "William Johnson" and made no reference to Jeff Johnson or William Jackson. Therefore, the Court ordered that Plaintiff must clarify to whom he is referring when he identifies "William Johnson" in the statement of the claim.

Plaintiff filed an amended complaint naming as Defendants Jeff Johnson and William Jackson in their official capacities only. He largely reiterates the allegations in the complaint. He states that when inmate Davenport was attacking him with the sharp object, "Corrections officer William Jackson, had ordered Mr. Davenport, to get off me. After awhile Mr. Davenport did so. C/O William Jackson, had called for C/O Brittany Walsh, so that they could get me to the nurse for medical assistance." He continues, "They C/O's William Jackson and Brittany Walsh had informed corrections officers Lee McCord and Mike Reynolds to get me to medical."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

4

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Official-capacity claims

In the amended complaint, Plaintiff sues Johnson and Jackson in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Johnson and Jackson as brought against their employer, Fulton County. In its prior Memorandum Opinion and Order (DN 10), the Court found that Plaintiff's claim against FCDC must be construed as brought against Fulton County and dismissed the claim. For the same reasons the Court dismissed Plaintiff's claim against FCDC in its prior Memorandum Opinion and Order, the official-capacity claims against Johnson and Jackson must be dismissed for failure to state a claim upon which relief may be granted.

#### B. Individual-capacity claims

As stated above, and construing the *pro se* complaint and amended complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court construes the complaint and amendment as alleging failure-to-protect claims against each of the individually named Defendants based on Plaintiff's allegations that he was housed in

5

the same cell as Davenport despite a previous conflict being recorded concerning the two inmates; that Defendants did not intervene while Plaintiff and Davenport were fighting for twenty minutes; and that there were no working cameras in the cell.  Therefore, upon screening, the Court will allow the failure-to-protect claims to continue against Defendants Powell, Johnson, Walsh, and Jackson in their individual capacities.  In doing so, it passes no judgment on the merit or ultimate outcome of the case.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Jeff Johnson and William Jackson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Fulton County Attorney
4413.010